### W. H. GARDNER v. H. B. EDWARDS.

*Contract—Trial—Instruction.*

Where, in the trial of an action for the contract price of sawing lumber, the testimony was conflicting as to whether the price was agreed to be paid upon the completion of the sawing or upon the receipt by the defendant of the money on a sale of the lumber, it was error to charge the jury that, if they should find the contract to be that the lumber was to be shipped and sold before the saw bill was to be due and payable, and defendant had instructed a broker to sell it, it would be placing the lumber beyond the control or reach of the plaintiff, thereby making the saw bill all due and payable, and that they should so find that it was due.

CIVIL ACTION, tried before *Robinson, J.*, and a jury, at July, 1896, Term of MADISON Superior Court. The material facts and the principal assignment of error on appeal are stated in the opinion of Associate Justice MONTGOMERY. There was verdict for the plaintiff, and defendant appealed from the judgment thereon.

*Messrs. Moore & Moore*, for plaintiff.
*Mr. J. M. Gudger, Jr.*, for defendant (appellant).

MONTGOMERY, J.: The plaintiff was employed at a fixed price per 1,000 feet to saw logs into lumber for the defendants. A non-suit was submitted to as to the defendant Fox, and the other defendant answered. He averred that, by the contract between him and the plaintiff, the lumber was not to be paid for by the defendant until it was shipped and sold by the defendant and the money derived from the sale. The testimony on this point was conflicting and contradictory. His Honor charged the jury

" that, if they should find the contract to be that the lumber was to be shipped and sold before the saw bill was to be due and payable, then, if Edwards had instructed Fox to sell the lumber, it would be placing the lumber beyond the control or reach of the plaintiff, thereby making the saw bill all due and payable, and that they should so find that it was due."

In this instruction there was error. The effect of the contract, if the jury should have found it to be that the lumber was not to be paid for until the defendant had shipped and sold it, might be as his Honor said it would be, but still the parties had the right to make such a contract if they chose, and if they had made such a one the plaintiff was bound by his own failure to protect his interests.

New Trial.